UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CRAIG MICHAEL SMITH,

        Petitioner,

                                    Case No. 1:10-cv-1034
v.                                            Hon. Robert J. Jonker

BLAINE C. LAFLER,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

        Petitioner, Craig Michael Smith, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

        **I.**        **Background**

        The Michigan Court of Appeals summarized the underlying facts of petitioner's claims as follows:

> In this case arising from an incident in April 2004, when defendant Craig Smith and Kyle Carr broke into Nelson Oil gas station, Smith appeals as of right from his jury convictions of breaking and entering a building with intent to commit larceny [M.C.L. § 750.110] and safe breaking [M.C.L. § 750.531]. The trial court sentenced Smith as a fourth-offense habitual offender M.C.L. [§ 769.12] to concurrent prison terms of 6 to 15 years for the breaking and entering conviction, and 11 to 20 years for the safe breaking conviction, with those sentences to be served consecutively to a sentence related to a parole violation.

*People v. Smith*, No. 264196, slip op. at p. 1 (Mich. App. Oct. 17, 2006) (footnotes omitted) (docket no. 16).

        Petitioner, through counsel, raised three issues on appeal to the Michigan Court of Appeals:

> I. Did rampant prosecutorial misconduct deprive [petitioner] of his constitutional right to a fair trial?
>
> II. Did the trial court improperly limit [petitioner's] right to confrontation by limiting his ability to cross-examine the prosecution's star witness, Kyle Carr?
>
> III. Must [petitioner] be resentenced where he was denied his constitutional right to a jury determination that he was the leader in a multiple offender situation?

The Michigan Court of Appeals affirmed the convictions. *Smith*, No. 264196 (Mich. App. Oct. 17, 2006) (docket no. 16). Petitioner raised the same three issues in an application for leave to appeal to the Michigan Supreme Court, which that court denied. *People v. Smith*, No. 132669 (Mich. March 26, 2007) (docket no. 17).

Petitioner returned to the trial court on September 28, 2007, when he filed a motion for relief from judgment pursuant to MCR 6.500 *et seq*. *See People v. Smith*, No. 05-1684 (Alger Co. Cir. Ct.) (Register of Actions) (docket no. 7). A copy of this motion does not appear in the record. However, in a later document, petitioner states that it included the following claims (in his words):

> Defendant Smith raised: A) The Prosecutor failed to disclose unspoken "tact" agreements forging Life Offenses of Life Imprisonment of Home Invasion & Armed Robbery; 1) Judge's post-sentencing sua sponte amendment of judgment of sentence attempting to cure sentence exceeding statutory maximum with forfeited habitual offender act; 2) Post Amendment of Judgment of Sentence deprived the right to effective assistance of counsel; 3) Prosecutor improperly coerced accomplice government witness to refuse to give material impeachment evidence; 4) Suppression & Destruction of exculpatory evidence and ineffectiveness of appellate counsel; 5) Ineffective assistance of Appellate Counsel failing to raise trial counsel's failure to move for Brady Hearing and Instruction on Missing Evidence.

Delayed Application for leave to appeal (docket no. 1-3 at p. ID# 174). On October 22, 2007, petitioner filed a motion for evidentiary hearing. *See People v. Smith*, No. 05-1684 (Alger Co. Cir.

2

Ct.) (Register of Actions) (docket no. 7). On July 24, 2008, Alger County Circuit Court Judge Charles H. Stark (Judge Stark) apparently denied both motions in an order which stated in pertinent part:

> The Court has reviewed Plaintiff's request for an evidentiary hearing, his response to the Attorney General's response, the Supreme Court and the Appellate Court's opinions and orders.
>
> Plaintiff [sic] has exhausted his appellate rights and there is no basis now for an evidentiary hearing.
>
> NOW, THEREFORE, IT IS ORDERED that Plaintiff's [sic] motion for an evidentiary hearing is DENIED.

Order Denying Evidentiary Hearing (docket no. 18).

On March 23, 2009, Smith filed a motion to amend his motion for relief from judgment, an amended motion and a brief in support of an amended motion. *See People v. Smith*, No. 05-1684 (Alger Co. Cir. Ct.) (Register of Actions). Smith's amended motion raised the following issues (in his words):

I.   Defendant-Appellant was denied his federal and state constitutional rights by the trial court's sua sponte amendment of judgement of sentence with fortified habitual offender enhancement to cure sentence in excess of statutory maximum.

II.  Defendant was deprived a fair trial where the judge allowed both the state's witnesses an accomplice and detective to submit false and or misrepresent testimony, then allowed the prosecutor to bolster false impression instead of correcting.

III. Defendant was denied a fair trial, by the prosecutor's misconduct in handling /coercion of key witness informant-accomplice. Appellate council was ineffective in failing to raise trial counsel failure to properly raise and move for dismissal due coercion rendering key witness incompetent/unreliable.

      A.      In the presence of Mr. Smith's jurors the prosecutor coerced informant/accomplice rendering testimony unreliable/incompetent.

      B.      Appellate counsel offered ineffective representation by failing to claim trial council's failure to properly raise and move for dismissal due coercion rendering key witness incompetent/unreliable.

IV.    Defendant was denied a fair trial by the government's failure to preserve and or destruction of obvious material evidence. Appellate council offered deficient representation by failing to raise trial council's failure to demand dismissal and or instruction on missing evidence.

V.    Defendant-Appellant is entitled to post-conviction relief pursuant to MCR 6.500(D).

Brief (docket no. 1-2 at p. ID# 106).

      In an order dated April 13, 2009, Alger County Circuit Court Judge William W. Carmody (Judge Carmody) denied this motion, because "Defendant/Appellant has stated insufficient facts to warrant the relief requested and said Motion fails under MCR 6.502(G)(1)." *See* Order (docket no. 18). In this order, Judge Carmody ruled that the amended motion was without merit and that the motion was barred as an improper successive motion under MCR 6.501(G)(1).[1] Petitioner filed a motion for reconsideration, which Judge Carmody denied. *See* Order (June 10, 2009) (docket no. 18).

---

[1] MCR 6.502(G)(1) prohibits the filing of successive motions under MCR 6.500 *et seq.*:

    Except as provided in subrule (G)(2), regardless of whether a defendant has previously filed a motion for relief from judgment, after August 1, 1995, one and only one motion for relief from judgment may be filed with regard to a conviction. The court shall return without filing any successive motions for relief from judgment. A defendant may not appeal the denial or rejection of a successive motion.

4

Petitioner filed a *pro se* delayed application for leave to appeal to the Michigan Court of Appeals, which was dismissed without prejudice for failure to pursue the case in conformity with the rules. *See People v. Smith*, No. 293317 (Mich. App. Oct. 9, 2009) (docket no. 18). Petitioner filed an application for leave to appeal this order to the Michigan Supreme Court, which that court denied. *See People v. Smith*, No. 140060 (Mich. May 25, 2010) (docket no. 19).

Smith re-filed his *pro se* delayed application for leave to appeal to the Michigan Court of Appeals. This re-filed delayed application included the five issues raised in his amended motion for relief from judgment, with an additional claim (in his words):

> VI. The lower court erred by failing to hold evidentiary hearing on off-record evidence, and the effectiveness of counsel(s).

Delayed application for leave to appeal (docket no. 20). The Michigan Court of Appeals denied the delayed application "for failure to establish entitlement to relief under MCR 6.508(D)." *People v. Smith*, No. 298548 (Mich. App. Sept. 22, 2010) (docket no.20). Notably, petitioner *did not* appeal the September 22, 2010 order to the Michigan Supreme Court. *See* Affidavit of Corbin R. Davis (docket no. 21).

On October 21, 2010, Smith filed a petition for habeas relief in this Court raising the following issues (in his words):

> I. Rampant prosecutorial misconduct deprived this defendant of his constitutional right to a fair trial.
>
> II. The trial court improperly limited defendants right to confrontation by limiting his ability to cross-examine the prosecutor's star witness, Kyle Carr.
>
> III. Defendant must be resentenced where he was denied right to jury determination that he was leader in multiple offender situation.

5

> IV. This defendant was denied his federal and state constitutional rights by the trial courts sua sponte amendment of judgment of sentence with forfeited Habitual Offender enhancement to cure sentence in excess of statutory maximum.
>
> V. Defendant was deprived of a fair trial where the judge allowed codefendant and detective to submit false and or misrepresent testimony, then allowed the prosecutor to bolster false impression instead of correcting.
>
> VI. Defendant was denied a fair trial by prosecutors misconduct in handling/coercion of key witness informant-accomplice. Appellate counsel was ineffective in failing to raise trial counsel's failure to properly raise and move for dismissal due coercion rendering key witness incompetent/unreliable.
>
> VII. The defendant was denied a fair trial by the governments failure to preserve and or destruction of obvious material evidence. Appellate counsel offered deficient representation by failing to raise trial counsel's failure to demand dismissal or instruction on missing evidence.

Petition (docket no. 1 at pp. ID## 6-7, 9-10,14-16).

## II. Procedural default of Issues I, II, IV, V, VI and VII

### A. Legal Standard

A threshold issue in this matter is whether some or all of petitioner's claims are barred by the operation of the procedural default doctrine. Where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A procedural default "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted

6

claim, unless the petitioner can demonstrate cause and prejudice." *Gray v. Netherland*, 518 U.S. 152, 162 (1996). Not every state procedural rule will warrant application of the procedural default doctrine. Only a procedural rule that was "'firmly established and regularly followed' at the time it was applied will support application of the doctrine. *Ford v. Georgia*, 498 U.S. 411, 424 (1991). "For a habeas claim to be procedurally defaulted on the basis of a state procedural rule, the petitioner must have violated a procedural rule, but the state court must also have based its decision on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000). Habeas review of a procedurally defaulted claim is precluded unless petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law," or that a failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

### B.     Issues IV, V, VI and VII

Before a state prisoner may seek habeas relief in federal court he must first fairly present the substance of his federal claims to all available state courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270 (1971); *Clemmons v. Sowders,* 34 F.3d 352, 354 (6th Cir. 1994). Here, petitioner has not exhausted all of his federal habeas claims in the Michigan state courts. While petitioner exhausted portions of habeas Issues I, II and III in his direct appeal, petitioner's habeas Issues IV, V, VI and VII are unexhausted. The record reflects that while petitioner raised Issues IV, V, VI and VII in a delayed application for leave to appeal to the Michigan Court of Appeals, he did not raise these issues to the Michigan Supreme Court. A habeas petition containing unexhausted claims should be dismissed without prejudice to allow the petitioner to present his claims to the state courts. *See Rose v. Lundy*, 455 U.S. 509, 518-20 (1982). Here, however, petitioner has filed his motion for post-conviction relief allowed under MCR 6.500 *et seq.*

and has no further avenue to exhaust in the state courts. Issues IV, V, VI and VII are subject to the procedural default doctrine, because petitioner failed to give the state courts a "full and fair" opportunity to resolve the claims and he cannot cure the failure because the state court remedy is no longer available. *Hicks v. Straub*, 377 F.3d 538, 551 (6th Cir. 2004). Accordingly, petitioner's Issues IV, V, VI and VII are procedurally defaulted.

### C. Issues I and II

Petitioner's Issues I and II are also procedurally defaulted. Because petitioner did not comply with the state's contemporaneous-objection rule, the Michigan Court of Appeals treated the claim as waived on direct appeal and reviewed it only for plain error. *Smith*, No. 264196, slip. op. at pp. 1-3 (Mich. App. Oct. 17, 2006) (docket no. 16). Trial counsel's failure to object resulted a procedural default of these claims. *Hall v. Vasbinder*, 563 F.3d 222, 236 (6th Cir. 2009); *Ege v. Yukins*, 485 F.3d 364, 378 (6th Cir. 2007). "[A] state court's plain error analysis does not save a petitioner from procedural default. Plain error analysis is more properly viewed as a court's right to overlook procedural defects to prevent manifest injustice, but is not equivalent to a review of the merits." *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006) (citations omitted). *See also, Paprocki v. Foltz*, 869 F.2d 281, 284-285 (6th Cir. 1989) (limited review of an issue to prevent manifest injustice does not constitute a waiver of the procedural default). Accordingly, petitioner's issues I and II are also procedurally defaulted.

### D. The procedural defaults are not excused

Habeas review of a procedurally defaulted claim is precluded unless petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law," or that a failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750.  "[T]he existence of cause for a procedural default must turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Ineffective assistance of counsel may constitute cause for excusing a procedural default, but only when the performance of counsel was so deficient that it could not be considered the representation guaranteed by the Sixth Amendment.  *Id.*; *Strickland v. Washington*, 466 U.S. 668 (1984).  However, ineffective assistance of counsel adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim which can be procedurally defaulted.  *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).  Consequently, an ineffective assistance of counsel claim can serve as the cause to excuse a petitioner's procedural default on another claim only if the petitioner can satisfy the cause and prejudice standard with respect to the ineffective assistance of counsel claim itself.  *Lancaster v. Adams*, 324 F.3d 423, 438 (6th Cir. 2003).  Here, petitioner did not set forth cause for his procedural defaults of Issues I, II, IV and V.  While petitioner has alleged ineffective assistance of appellate counsel as both independent claims for habeas relief and as cause for the procedural default in Issues VI and VII, these claims of ineffective assistance of appellate counsel are themselves procedurally defaulted, and petitioner has not demonstrated any cause to excuse the default of these claims.

Petitioner's failure to demonstrate cause prevents federal habeas review of this Issue unless the court's failure to do so will result in a "fundamental miscarriage of justice."  *Coleman*, 501 U.S. at 750.  In *Schlup v. Delo*, 513 U.S. 298, 321 (1995), the Supreme Court described the scope of the fundamental miscarriage of justice exception:

> To ensure that the fundamental miscarriage of justice exception would remain "rare" and would only be applied in the "extraordinary case," while at the same time

>ensuring that the exception would extend relief to those who were truly deserving, the Court explicitly tied the miscarriage of justice exception to the petitioner's innocence.

To meet the threshold requirement for actual innocence, a petitioner must persuade the court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. at 329. In the procedural default context, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). "To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner offers no such new evidence that he is actually innocent of the crimes for which he was convicted. He has failed to meet the fundamental miscarriage of justice exception. Accordingly, petitioner's claims raised in Issues I, II, IV, V, VI and VII are procedurally barred and not subject to federal habeas review.

### III.     Issue III

#### A.     Standard of review under 28 U.S.C. § 2254

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

>An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 776, 130 S. Ct. 1855, 1862 (2010) (internal quotation marks and citations omitted).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 786 (2011). The AEDPA's deferential standard "requires Petitioner to show 'the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing [Supreme Court precedent] beyond any possibility for fairminded disagreement.'" *Blackmon v. Booker*, 696 F.3d 536, 538 (6th Cir. 2012), quoting *Harrington*, 131 S. Ct. at 786-87. "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington*, 131 S. Ct. at 786. "If this standard is difficult to meet, that is because it was meant to be." *Id.*

> Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Id.* at 786-87 (internal citations omitted).

11

Under the "contrary to" clause of § 2254(d)(1), "a federal habeas court may grant the writ only if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decided the case differently than the Supreme Court has on a set of materially indistinguishable facts." *Jalowiec v. Bradshaw*, 657 F.3d 293, 301 (6th Cir. 2011), citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Under the "unreasonable application" clause of § 2254(d)(1), "a federal court may grant the writ only if the state court identified the correct governing legal principle from the Supreme Court's decisions but unreasonably applied that principle to the facts of the petitioner's case." *Id*. A court may not issue a writ of habeas corpus "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, to grant habeas relief, the state court's application of the law must be found to be "objectively unreasonable." *Id.* at 409.

A determination of a factual issue by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence that the state court's determination was erroneous. *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001). The presumption of correctness accorded to a state court's findings of fact on federal habeas review also applies to the factual findings of a state appellate court based on the state trial record. *Brumley v. Winegard*, 269 F.3d 629 (6th Cir. 2001).

**B.     Discussion**

Petitioner contends that he must be re-sentenced because he was denied the right to have the jury determine whether he was the leader in a crime involving multiple offenders. The Michigan Court of Appeals addressed petitioner's claim as follows:

12

>    Relying on *Blakely v. Washington*, [ 542 U.S. 296 (2004),] Smith argues that he is entitled to resentencing because the trial court violated his due process rights at sentencing when scoring Offense Variable 14, by considering facts that were neither proved beyond a reasonable doubt at trial nor admitted by Smith. However, Smith's argument fails because *Blakely* does not apply to sentences imposed in Michigan that are, as in this case, below the statutory maximum. [*People v. Drohan*, 475 Mich. 140, 160, 715 N.W.2d 778 (2006)].

*Smith*, No. 264196, slip op. at p. 4 (footnotes omitted). Although the Michigan Court of Appeals' Opinion addressed only the *Blakely* issue, petitioner's appellate brief also contended that the sentence was invalid because the trial court "depart[ed] from a legislative guidelines range" which "impermissibly exceeded legislatively prescribed range of punishment." Petitioner's Appellate Brief at p. 44 (docket no. 16).

The habeas petition does not explicitly dispute the Michigan Court of Appeals ruling with respect to *Blakely*. Rather, petitioner contends that:

>    Nothing supported the court determination that I was the leader of this crime. This finding raised my guidelines from 29-114 months to 36-142 months which I received 132 months which is an upward departure without any substantial or compelling reasons. This increase was wrong on every level regardless of the BLAKELY issue or jury determination.

Petition (docket no. 1 at p. ID# 9).

As an initial matter, the Michigan Court of Appeals correctly concluded that the constitutional rights referred to in *Blakely* do not apply in this case. The Sixth Circuit has determined that *Blakely* does not apply to Michigan's indeterminate sentencing system, provided that the sentence does not exceed the statutory maximum. *See Montes v. Trombley*, 599 F.3d 490, 496-98 (6th Cir. 2010) (Michigan's indeterminate sentencing scheme did not violate the defendant's due process rights or right to a jury trial under *Blakely*); *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) (affirming district court's dismissal of prisoner's claim under *Blakely* and *Apprendi v. New Jersey*, 530 U.S. 466 (2000) because it does not apply to Michigan's indeterminate

sentencing system, and stating that "*Apprendi*'s rule does not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum"); *Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th Cir. 2007) (*Blakely* does not apply to Michigan's indeterminate sentencing system).

Here, petitioner was convicted breaking and entering a building with intent to commit larceny, M.C.L. § 750.110 and safe breaking, M.C.L. § 750.531, and was sentenced as a fourth-offense habitual offender, M.C.L. § 769.12, to concurrent prison terms of 6 to 15 years for the breaking and entering conviction, and 11 to 20 years for the safe breaking conviction, with those sentences to be served consecutively to a sentence related to a parole violation. Under Michigan law, breaking and entering a store or shop is a felony punishable by imprisonment for not more than 10 years, M.C.L. § 750.11(a) and safe breaking is a felony punishable by imprisonment for life or any term of years, M.C.L. § 750.531. The record reflects that the trial court enhanced the sentences to maximum terms of 15 and 20 years because petitioner was a fourth-offense habitual offender under M.C.L. § 769.12.[2] Because each of these sentences fell within the statutory maximum under Michigan law, petitioner cannot claim that a *Blakely* violation exists. *See Chontos*, 585 F.3d at 1002.

The Michigan Court of Appeals' decision was neither contrary to, nor an unreasonable application of, clearly established Federal law as determined by the Supreme Court;

---

[2] Judge Stark's original judgment of sentence did not refer to the enhancement. *See* Judgment of Sentence (July 8, 2005) (docket no. 1-1 at p. ID# 19). Judge Stark entered a second amended judgment which referenced the fourth habitual offender statute, M.C.L. § 769.12. *See* Second Amended Judgement of Sentence (August 16, 2005) (docket no. 1-1 at p. ID# 21). At the time petitioner committed the crimes in 2004, M.C.L. § 769.12(1)(a) provided in pertinent part that, "[i]f the subsequent felony is punishable upon a first conviction by imprisonment for a maximum term of 5 years or more or for life, the court . . . may sentence the person to imprisonment for life or for a lesser term."

nor was the decision based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254 (d). Accordingly, petitioner is not entitled to relief on this claim.

Finally, petitioner's claims that Judge Stark impermissibly made an "upward departure" of his sentence and that the sentence "wrong on every level" do not present issues cognizable under § 2254. Federal habeas review is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Federal habeas corpus relief does not lie for errors of state law, which includes the state's computation of petitioner's prison term. *Kipen v. Renico*, 65 Fed. Appx. 958, 959 (6th Cir. 2003), citing *Estelle*, 502 U.S. at 68. *See Austin v. Jackson,* 213 F.3d 298, 300 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief). "As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining 'the type and extent of punishment for convicted defendants.'" *Id.* at 301, *quoting Williams v. New York*, 337 U.S. 241, 245 (1949). Accordingly, petitioner is not entitled to relief on this claim.

### IV.   Recommendation

I respectfully recommend that petitioner's habeas petition be **DENIED**. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.

Dated:  February 9, 2015                                  /s/ Hugh W. Brenneman, Jr.
                                                          HUGH W. BRENNEMAN, JR.
                                                          United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).